UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SHALONDA GREEN AND HENRY GREEN<br>    Plaintiffs, | )<br>)<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 4:13-cv-02012 |
| ALLIANCE SERVICES<br>    Defendant, | )<br>)<br>)<br>) |  |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiffs Shalonda Green and Henry Green, individual consumers, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES

2. Plaintiff Shalonda Green (hereinafter "Shalonda") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who

presently resides in the following County, in the following state: Harris County, in the state of Texas.

3. Plaintiff Henry Green (hereinafter "Henry") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Harris County, in the state of Texas.

4. Defendant Alliance Services (hereinafter "Defendant Alliance") is a citizen of the United States of America and is a collection agency and corporation engaged in the business of collecting debt in this state with its principal place of business located in the following County, in the following state: Mecklenburg County, in the state of North Carolina.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

7.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

8.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

9.  Sometime before 2013, Plaintiff, Henry Green, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Henry.

11. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Defendant then, within one year prior to the filing of this complaint, began contacting Shalonda, who is Henry's wife, and placing collection calls to Shalonda prior to July 10, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

13. Within one year prior to the filing of this complaint, Defendant, through its representative who identified himself as 'George Lewis', called and left a voicemail in an attempt to collect on the alleged debt of Henry, stating that he was from Harris County, where Shalonda and Henry live, when he was not.  Defendant on another occasion told Shalonda she could call another number since she was Henry's wife, and it had 'legal sealed documents' for her husband, when it did not.  Defendant's conversations with Shalonda, messages, and calls were "communications" as defined by 15 U.S.C. § 1692a(2).  They were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, §1692e(5), §1692e(10), and §1692f.

14. When Shalonda called that number, she spoke with a representative for Defendant who identified himself as 'Harry Davis', and told her that since she was, again, Henry's wife, he would let her know the following information, that a) Henry had three charges against him for check fraud, b) Henry had two other charges against him, c) Henry would have to get a lawyer to fight the charges and pay $1500.00 in court costs plus 'fines' related to the alleged debt, and d) the total 'penalty' was $3000.00 but the lawyer would settle for $1,300.00 out of court or 'it' would go on Henry's record.  Defendant stated that Shalonda was responsible for the alleged debt and had to pay it that day, when it knew that Shalonda was not, and made false and misleading statements as mentioned above to Shalonda, with the intention that she relay them to Henry.  Defendant's conversations with Shalonda, messages, and calls, which were in connection with its attempts to collect on Henry's alleged debt, were "communications" as defined by 15 U.S.C. § 1692a(2).  They were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, §1692e(5), §1692e(10), and §1692f.

15. Within one year prior to the filing of this complaint, Defendant left a voicemail communication for Shalonda in which it did not state that it was a debt collector, attempting to collect on an alleged debt, and that any information obtained would be used for that purpose.  This was a conversations were "communications" as defined by 15 U.S.C. § 1692a(2).  They were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, §1692e(11), and §1692f.

## SUMMARY

16. All of the above-described collection communications made to and in regards to Plaintiffs Shalonda Green and Henry Green by this individual Defendant and other collection employees employed by Defendant Alliance Services were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed conduct by this Defendant of harassing Shalonda and Henry in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

18. As a result of the acts alleged above, Defendant caused Shalonda and Henry to become very upset because of the illegal manner in which this debt was collected by this Defendant.

19. Shalonda and Henry suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

20. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Shalonda and Henry.

## RESPONDEAT SUPERIOR LIABILITY

21.  The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant Alliance Services who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Alliance Services.

22.  The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Alliance Services in collecting consumer debts.

23.  By committing these acts and omissions against Shalonda and Henry, this individual Defendant and these other debt collectors were motivated to benefit their principal, Defendant Alliance Services.

24.  Defendant Alliance Services is therefore liable to Shalonda and Henry through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Shalonda and Henry.

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

25.  Shalonda and Henry repeat, reallege, and incorporate the averments contained in all of the above paragraphs of their complaint as though fully set forth herein.

26.  Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Shalonda and Henry.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Shalonda and Henry to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Shalonda and Henry for actual damages, statutory damages, and costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Shalonda Green and Henry Green respectfully request that judgment be entered against Defendant for the following:

A.  Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in amounts to be determined at trial and for Plaintiffs.

B.  Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  Costs and reasonable attorney fees from Defendant and for Plaintiffs pursuant to both 15 U.S.C. § 1692k(a)(3).

D.  For such other and further relief as the Court may deem just and proper.

Dated:  July 10, 2013          RESPECTFULLY SUBMITTED,

Consumer Rights Law Firm, PLLC
By: /s/ Kevin Crick
Kevin Crick, Esq.
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Telephone: (978) 212-3300
Fax#1: (888) 712-4458
Fax#2: (978) 409-1846
Email: kevinc@consumerlawfirmcenter.com
Attorney for Plaintiffs Shalonda Green and Henry Green

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs Shalonda Green and Henry Green demand trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.